# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF CALIFORNIA

### OFFICE OF THE CLERK
**2500 Tulare Street**
**Fresno, CA 93721**



Clerk, Southern District of California
880 Front Street
San Diego, California 92101

**RE:**       **BRYAN E RANSOM vs. GRAY**
**USDC No.:**   **1:07–CV–01718–AWI–DLB**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
December 11, 2007 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 5.**

Documents maintained electronically by the district court are accessible through
PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**December 11, 2007**        /s/  C. Esteves

Deputy Clerk

RECEIVED BY:    R. MULLIN

Please Print Name

DATE RECEIVED:   12/13/2007

NEW CASE
NUMBER:      '07 CV 2340 J WMc

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRYAN E. RANSON,                          1:07-cv-01718-AWI-DLB (PC)

12
               Plaintiff,
13
         vs.                                   ORDER TRANSFERRING CASE
14
     GRAY, et al.,
15
               Defendants.
16   _____/

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        The federal venue statute requires that a civil action, other than one based on diversity

20   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

21   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

22   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

23   is situated, or (3) a judicial district in which any defendant may be found, if there is no district in

24   which the action may otherwise be brought." 28 U.S.C. § 1391(b).

25        In this case, none of the defendants reside in this district. The claims arose in San Diego

26   County and Imperial County, which are in the Southern District of California. Therefore, plaintiff's

27   claim should have been filed in the United States District Court for the Southern District of

28   California. In the interest of justice, a federal court may transfer a complaint filed in the wrong

1

1    district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932

2    (D.C. Cir. 1974).

3          Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

4    District Court for the Southern District of California.

5          IT IS SO ORDERED.

6    **Dated:    December 10, 2007**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Bryan E. Ransom, H-71641
2  P.O. Box 3476  4A2R  Cog.5 #63 (SHU)
3  Corcoran, Ca. 93212

4
5  In Pro Per

FILED

NOV 2 8 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

6
7
8            United States District Court
9         Southern District of California
10                    1:07 CV 001718 AWI DLB PC
11
12  Bryan E. Ransom                 Case No.
13            Plaintiff,
14        v                        42 U.S.C. § 1983
15  Gray, Santiago, John            Civil Complaint
16  DOES #1 and #2
17            Defendants            State Common law
18                                  Malpractice
19
20                                  Demand For Trial
21                                  By Jury
22
23
24
25
26
27
28

## Preliminary Statement

This is a Civil Rights Action filed by Bryan E. Ransom, a State Prisoner, for damages under 42 U.S.C. § 1983, alleging Deliberate Indifference to Medical Needs in violation of the Eighth Amendment of the United States Constitution. Plaintiff also alleges the Tort Claim of Medical Malpractice under the State law of California

## Jurisdiction

1. The Court has jurisdiction over Plaintiff's Claims of Violation of Federal Constitutional Rights Under 42 U.S.C. §§ 1331 and 1343.

2. The Court has supplemental/ Pendant jurisdiction over Plaintiff's State law Tort Claims Under 28 U.S.C § 1367.

## Exhaustion

3. Plaintiff has exhausted administrative appeal in connection with these claims, adequate for exhaustion herein. (See CDC 602, Log No. (RJC-5-07-02619, Attached as Exhibit A).

## Parties

4. Plaintiff, Bryan E. Ransom, was at all times mentioned confined in Richard J. Donovan-State Prison (RJD-SP) and California State Prison-Calipatria (CSP-CAL) and is presently housed in CSP-Corcoran.

5. Defendant Gray at all times mentioned herein was employed by the California Department of Corrections (CDC) as a Doctor at R.J. Donovan State Prison. This Defendant is sued in his individual capacity.

6. Defendant Santiago at all times mentioned herein was employed by CDC as a Doctor at CSP-Calipatria. This Defendant is sued in his individual capacity.

7. Defendant John Doe # 1 at all times mentioned herein was employed by CDC as a Medical Clinician at R.J. Donovan State Prison. This Defendant is sued in her individual capacity.

8. Defendant John Doe # 2 at all times mentioned herein was employed by CDC as a Medical Clinician at R.J. Donovan State Prison. This Defendant is sued in her individual capacity.

9. The true names of said John Does are presently unknown to Plaintiff who sues them by such fictitious names and will seek to amend their names when such has been ascertained.

10. All Defendants acted under color of state law at all times relevant to this Complaint.

## Facts

### Count 1: Deliberate Indifference

11. On or about October 6, 1996 while confined at R. J. Donovan State Prison Plaintiff took the standard mandatory annual tuberculosis (T.B.) skin test.

12. There was subsequently no swelling or discoloration of the tested area which was an indication that the result was negative as had been all of Plaintiff's prior T B test results.

13. On October 9, 1996, Medical Clinician Defendant John Doe #1 came to Plaintiff's cell to evaluate the tested area and diagnosed the skin test as positive for T.B. exposure.

14. Plaintiff asked Defendant John Doe #1 to re-evaluate her reading of the skin test because there was no swelling or discoloration of the tested area to support a positive reading of T.B. exposure.

15. Defendant John Doe #1 rejected Plaintiff's request for re-evaluation and continued with her rounds.

16. On October 29, 1996 Plaintiff was summoned to see Defendant Dr. Gray for a T.B. Exposure treatment Plan.

17. Plaintiff explained to Defendant Gray that Defendant John Doe #1 had misdiagnosed this test results and that he needed to be retested.

18. Defendant Gray declined Plaintiff's request for retesting stating that it was not CDC policy to retest Prisoners with prior positive T.B. Readings and that Plaintiff was not qualified to challenge a Medical Clinician's test readings.

19. Defendant Gray then placed Plaintiff on a six (6) month regimen of Isoniazid (INH) and Pyridoxine (Vit. B6) for treatment of T.B. Exposure.

20. Defendant Gray ordered and prescribed that Plaintiff takes this Medication two (2) times a week for the next six (6) Months.

21. Consequently this Medication made Plaintiff extremely ill causing him severe Migraines, Nausea, dizzy Spells, Stomach Cramps and Vomiting.

22. On December 11, 1996, Plaintiff reported these ailments to Defendant Grey and again asked that he be retested; and taken off the medication pending the test results because he was too sick to carry on.

23. Defendant Grey, reiterated that it was not policy to retest Prisoners with prior positive test readings and that Plaintiff's symptoms were typical reactions to INH.

24. Defendant Grey further refused to take Plaintiff off of this Medication and stated that if Plaintiff did not continue to take the medication as prescribed he would have to start the Six (6) month period all over again.

25. Plaintiff reluctantly continued to take the Medication as prescribed which continued to make him extremely ill causing severe migraines, Nausea, dizzy spells, Stomach cramps and vomiting.

26. Subsequently Plaintiff was transferred to CSP-CAL.

27. On January 9, 1997, Plaintiff told Defendant Dr Santiago, at CSP-CAL that his prior T.B. test results had

been misdiagnosed and that he needed to be retested and taken off of this medication pending this test results because this medication was making him extremely ill causing severe migraines, nausea, dizzy spells, stomach cramps and vomiting.

28. Defendant Santiago refused Plaintiff's plea stating that it was not CDC policy to retest prisoners with prior positive test readings and that Plaintiff's symptoms were a "typical reaction to INH" and ordered Plaintiff's "treatment" to continue.

29. Plaintiff reluctantly continued to take this medication as prescribed which continued to make him extremely ill causing severe migraines, nausea, dizzy spells, stomach cramps and vomiting.

30. On May 15, 1997, Plaintiff completed his six (6) month treatment totally ravaged by his reactions to this INH.

31. On April 20, 2006, Plaintiff had a liver biopsy for an unrelated illness which indicated that the 1996-1997 INH treatment had damaged

Plaintiff's liver.

32. On April 2, 2007, Plaintiff was finally retested for T.B. Exposure after dozens of unsuccessful requests.

33. On April 5, 2007, the test results came back NEGATIVE, indicating that Plaintiff has NEVER been Exposed to T.B.

34. Thus, Defendants unnecessarily Subjected Plaintiff to a Six (6) month regimen of INH which caused him much pain and suffering under the false pretext that Plaintiff had been Exposed to T.B. and needed INH treatment when in fact he did not.

35. Defendants actions served No legitimate penological interest or institutional/Medical goal.


## Claims For Relief


36. Defendant John Doe #1 refusal to re-evaluate his diagnosis/reading of Plaintiff's skin test causing Plaintiff to undergo an unwarranted Six (6) month treatment of INH

1  constituted a deliberate indifference
2  to a serious medical need in violation
3  of Plaintiff's Eighth Amendment Rights
4  under the United States Constitution.
5      37. Defendant John Doe #1 Mis-
6  diagnosis of Plaintiff's T.B. Skin test
7  constituted the Torts of Malpractice
8  and Negligence under state law.
9      38. Defendants Gray and San-
10 tiago's refusal to retest Plaintiff and
11 continuing the INH treatment consti-
12 tuted a deliberate indifference to a
13 serious Medical need in violation of
14 Plaintiff's Eighth Amendment Rights
15 under the United States Constitution.
16     39. Defendants Gray and Santiago's
17 refusal to retest Plaintiff and Cease
18 INH treatment constituted the Torts
19 of Malpractice and Negligence under
20 state law.
21
22
23         <u>Relief Requested</u>
24
25     WHEREFORE Plaintiff request
26 that this Court GRANT this following
27 relief:
28

A. Issues a declaratory judgment stating that:

1. Defendant John Doe #1 refused to re-evaluate her diagnosis/reading of Plaintiff's Skin test thus causing him to undergo a Six (6) month regimen of INH violated Plaintiff's Eighth Amendment Right and Constituted the Torts of Malpractice and Negligence

2. Defendants Gray and Santiago's refusal to retest Plaintiff and continuing INH treatment violated Plaintiff's Eighth Amendment Rights and Constituted the Torts of Malpractice and Negligence.

B. Award Compensatory Damages jointly and severally against:

1. Defendants John Doe #1, Gray and Santiago for Subjecting Plaintiff to the unnecessary pain and Suffering caused by the Six (6) month unwarranted INH treatment.

C. Award Punitive Damages against all Defendants herein.

D. Appoint Counsel and Award Attorney fees.

Dated: November 12, 2007

B. Ransom
In Pro Per

## Verification

Pursuant to 18 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that this foregoing is true and correct.

Executed on November 12, 2007, in Corcoran, Ca.

B. Ransom
In Pro Per

# EXHIBIT    A

# DEPARTMENT OF CORRECTIONS AND REHABILITATION
# CSP-CORCORAN

## *SECOND LEVEL OF REVIEW*
### S U P P L E M E N T A L   P A G E

**APPEAL LOG #:**    CSPC-5-07-02619
**INMATE**          Ransom
**CDCR#:**          H71641

**APPEAL DECISION:**    Partially granted


## DESCRIPTION OF PROBLEM:

It is the appellant's position that "I just received my TB skin test chrono dated 4/5/07 indicating my TB alert code is 22. This indicates, as I had expected, CDC Medical Dept. misdiagnosed my 10/9/96 TB skin test as a code 33 and unnecessarily subjected me to a 12 month regimen of INH and Vit. B which caused me much pain and unnecessary suffering (nausea, vomiting, severe headaches, and stomach cramps) under the false pretext that I had been exposed to TB and needed treatment when in fact I had not."

## ACTION REQUESTED:

The appellant requests an appeal that, "I request that these allegations be thoroughly investigated and appropriate measures be taken."

## APPEAL RESPONSE:

The appellant was interviewed at the First Level of Review by J. Bondoc, M.D. on July 05, 2007.

The medical care of inmates is one of the highest concerns of this Department. The California Code of Regulations (CCR) Title 15, Section 3350(a) provision of Medical Care and Definitions states "the Department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists. Treatments for conditions which might be otherwise excluded may be allowed pursuant to CCR Title, Section 3350.1 (d)."

According to CCR Title 15, Section 3354 (a), "Only facility employed health care

**CSP-CORCORAN APPEAL LOG #: CSPC-5-07-02619**
**Second Level of Review**
**Re: Ransom H71641**                              **2**

staff, contractors paid to perform health care services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmates may do so."

The appellant's CSP-Corcoran medical documentation has been thoroughly reviewed. Apparently while housed at R.J. Donovan Correctional Facility on October 02, 1996 the appellant's Tuberculin skin test was read as positive. The appellant's chest x-ray was negative, indicating that he was not suffering from "active" disease. All subsequent chest x-rays have shown negative results He was prescribed Isoniazid and Pyridoxine due to the positive skin test at that time. It appears that he experienced side effects from the medication.

On April 02, 2007 at Corcoran State Prison the appellant was given a PPD skin test, which revealed negative results. It is unclear as to why this test revealed negative results when the appellant tested positive in 1996. It is possible that the results of the test given in 1996 read positive due to an error, but just to be certain, we have contacted our Infection Control Department who are working on having the appellant take a more definitive test, a QuantiFERON TB test (QFT). This test is not a standard test done here at CSP-Corcoran, so the Infection Control Department is gathering information as to the availability of the test and where the test might be given.

Furthermore, some studies show that it may be possible for an individual to have a positive PPD test at one time and a negative the next. Research is still ongoing. An article on this subject is attached for the appellant's perusal. We are investigating just as the appellant requested.

The appellant has been provided with a thorough response. Therefore, based on the above, his appeal is being **partially granted** at the Second Level of Review.

If dissatisfied, the appellant is advised that he may submit his appeal at the Director's Level for review.


_William J. McGuinness MD_                    _8/17/07_
WILLIAM J. McGUINNESS, M.D.                   Date
Chief Medical Officer/Health Care Manager
California State Prison – Corcoran

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office

501 "I" Street , Suite 4-200

Sacramento, CA 95814

916-930-4000

Fresno Clerk's Office

2500 Tulare Street , Suite 1501

Fresno, CA 93721

559-499-5600

**November 29, 2007**

**Case Number:**   1:07-CV-01718-AWI-DLB

**Case Title:**   **BRYAN E RANSOM,**        vs.   **GRAY, ET AL.,**

Dear Litigant,

You are hereby notified that the above case number has been assigned to your action.   You are to include it on all correspondence (e.g., letters, filings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.

All matters in this action shall be sent to the following address until further notice:

**Office of the Clerk**

**United States District Court**

**Eastern District of California**

**2500 Tulare Street , Suite 1501**

**Fresno, CA 93721**

For timely processing of your filings or correspondence, please comply with our Local Rules of Court, in particular:

**Local Rule 5-133 (modified)** You are **not** required to send this court an original plus one copy of all documents submitted for filing (e.g., pleadings, motions, correspondence, etc.).   You are **only** required to send this court the original for filing. **No** extra copies are required.   **However**, if you desire to receive a conformed copy for your records, you must send the original **plus** one (1) copy **and** a pre-addressed postage-paid envelope for us to return your copy to you.

**Local Rules 30-250, 33-250, 34-250 and 36-250** Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

**Local Rule 5-135** Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submitted to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service.   A sample proof of service is attached.

**Local Rule 7–130 (modified)** Documents submitted to this court may be either typewritten **or** handwritten but **must** be legible, and writing shall be on one (1) side of the page **only.**

**Local Rule 7–132** Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.

**Local Rules 83–182** Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached.

**Other Provisions:**
   A complete copy of the Local Rules should be available in the prison library.   We do not provide individual copies to litigants.

**Request for Case Status** The court will notify you as soon as any action is taken in your case.   Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive **all** court decisions which might affect the status of your case.

**Copy Work** The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800–842–2695. The court will provide copies of docket sheets at $0.50 per page.   Note: In Forma Pauperis status does not include the cost of copies.

**Proposed Orders** Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.

   As noted, the requirements set forth in Local Rule 5–135 and 7–130 have been modified in this letter. These modifications apply to civil rights and habeas cases filed in the Fresno Division of the Eastern District of California by prisoners proceeding pro se (without counsel).

                              **Victoria C. Minor**
                              **Clerk of Court**
                              **United States District Court**

                        by:  **/s/  A. Gil–Garcia**

                              **Deputy Clerk**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

_____

v.                                                        **Case Number:**

_____

**PROOF OF SERVICE**

_____ /

I hereby certify that on _____, I served a copy

of the attached _____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

_____ :

(List Name and Address of Each
Defendant or Attorney Served)

I declare under penalty of perjury that the foregoing is true and correct.

_____

(Signature of Person Completing Service)

Name:_____

I.D. #:_____

Address _____

_____

_____

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

_____

(Plaintiff/Petitioner)

v.                                             Case Number:

_____

(Defendant(s)/Respondent)

                                        NOTICE OF CHANGE
                                        OF ADDRESS

_____ /

**PLEASE TAKE NOTICE THAT (print name)** _____

hereby submits a notice of change of address in the above − entitled case as follows:

**OLD ADDRESS:** _____

_____

**NEW ADDRESS:** _____

_____

DATED: _____          _____

                                        **Signature of Plaintiff/Petitioner**

**YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS
FORM IN EACH OF YOUR OPEN CASES**

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE**

**TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS**

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73−305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk

501 I Street, Room 4−200

Sacramento, CA 95814

Office of the Clerk

2500 Tulare Street , Suite 1501

Fresno, CA 93721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

BRYAN E RANSOM,
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. 1:07-CV-01718-AWI-DLB

GRAY, ET AL.,
Defendant(s)/Respondents(s).

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐ **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C. Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____    Signature: _____

Print Name: _____
   ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *_____

---

☐ **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____    Signature: _____

Print Name: _____
   ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *_____

---

***If representing more than one party, counsel must indicate name of each party responding.**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

DEC 13 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Bryan E. Ransom

**DEFENDANTS**

Gray, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Bryan E. Ransom
PO Box 3476
Corcoran, CA 93212
H-71641

**ATTORNEYS (IF KNOWN)**

'07 CV 2340 J WMC

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☒ 5 Transferred from another district (specify) EASTERN CA    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    **DEMAND $**    Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    12/13/2007

SIGNATURE OF ATTORNEY OF RECORD

R. Ransom