EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
KAREN M. WALTER, State Bar No. 97945
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2012
 Fax: (619) 645-2012

Attorneys for Defendant L. Santiago, Jr., M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYAN E. RANSOM,** | Case No: 07-CV-2340 J (WMc) |
| Plaintiff, | **ANSWER OF DEFENDANT SANTIAGO TO COMPLAINT AND REQUEST FOR JURY TRIAL** |
| v. | |
| **GRAY; SANTIAGO; JOHN DOES 1 AND 2,** | |
| Defendants. | |

Defendant L. Santiago, Jr., M.D., in response to the Complaint on file herein, admits, denies, and alleges as follows:

1. Defendant denies the allegations of paragraphs 1-3 of the Complaint.

2. Defendant Santiago admits he is a physician who was formerly assigned to California State Prison-Calipatria.

3. Defendant Santiago is without sufficient knowledge or information to form a belief as to the allegations of paragraphs 11-35 of the Complaint.

4. Defendant Santiago denies he was deliberately indifferent to Plaintiff's serious medical needs and/or that Defendant Santiago was negligent in providing medical care to Plaintiff.

///

1     **AS SEPARATE AND AFFIRMATIVE DEFENSES**, Defendant alleges as follows:

2 AFFIRMATIVE DEFENSE NO. 1:

3     The Complaint is uncertain.

4 AFFIRMATIVE DEFENSE NO. 2:

5     The Complaint fails to state a claim for which relief can be granted against answering

6 Defendant under the Federal Civil Rights Act.

7 AFFIRMATIVE DEFENSE NO. 3:

8     This Court lacks subject matter jurisdiction over the causes of action alleged in the

9 complaint herein because the allegations do not state a cause of action for Constitutional tort, or

10 any cause of action at all.

11 AFFIRMATIVE DEFENSE NO. 4:

12     All acts of answering Defendant, if any there were, occurred in the proper exercise of police

13 powers without malice or intent to deprive any person of any right arising under the Constitution

14 or laws of the United States, or to do any person any other injury.

15 AFFIRMATIVE DEFENSE NO. 5:

16     Insofar as answering Defendant delegated any duties to any subordinates, such delegations

17 were at all times done in good faith, and with due care.  Answering Defendant is therefore not

18 liable for any acts or omissions of any subordinates.

19 AFFIRMATIVE DEFENSE NO. 6:

20     There is no imputed liability between public officers in actions under the Federal Civil

21 Rights Act.

22 AFFIRMATIVE DEFENSE NO. 7:

23     The Complaint fails to state facts sufficient to constitute a cause of action in that simple

24 negligence is not a federal civil rights violation.  Daniels v. Williams, 474 U.S. 327 (1986).

25 AFFIRMATIVE DEFENSE NO. 8:

26     Defendant did not act with malicious intent to deprive any person of any Constitutional

27 right or to cause any other injury and therefore are not liable.

28 ///

AFFIRMATIVE DEFENSE NO. 9:

Defendant has not deprived any person of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States. Plaintiff was not deprived of any right, privilege, or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 10:

Defendant is immune from liability pursuant to the Federal Civil Rights Act since he acted in good faith and entertained an honest, reasonable belief that his actions were necessary. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L. Ed. 2d. 396 (1982).

AFFIRMATIVE DEFENSE NO. 11:

To the extent any person suffered any detriment, such was unavoidable.

AFFIRMATIVE DEFENSE NO. 12:

At all times mentioned in the Complaint herein, Defendant acted in good faith.

AFFIRMATIVE DEFENSE NO. 13:

Defendant acted at all times within the scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations, and practices reasonably and in good faith believed to be in accordance with the Constitution and laws of the United States, and Defendant is therefore not liable.

AFFIRMATIVE DEFENSE NO. 14:

The Complaint fails to state facts sufficient to constitute a cause of action against any Defendant herein in that simple negligence is not a Federal Civil Rights violation. Parratt v. Taylor, 451 U.S. 527 (1981).

AFFIRMATIVE DEFENSE NO. 15:

Plaintiff's Complaint and each cause of action therein are barred by Plaintiff's failure to exhaust administrative remedies.

AFFIRMATIVE DEFENSE NO. 16:

Defendant was not deliberately indifferent to Plaintiff's serious medical needs.

AFFIRMATIVE DEFENSE NO. 17:

The complaint and each cause of action therein are barred by the two-year statute of

1 limitations of Code of Civil Procedure section 335.1 [relating to assault; battery; injury or death caused by wrongful act or neglect].

AFFIRMATIVE DEFENSE NO. 18:

The complaint and each cause of action therein are barred by the statute of limitations relating to health care providers of Code of Civil Procedure section 340.5 [earlier of three years after date of injury or one year after discovery or injury should have been discovered].

AFFIRMATIVE DEFENSE NO. 19:

The complaint and each cause of action therein are barred by the statute of limitations of Code of Civil Procedure section 342 [relating to claims against public entities] and Government Code sections 945.4 and 945.6.

AFFIRMATIVE DEFENSE NO. 20:

The complaint and each cause of action therein are barred by the ninety-day prior notice provision of Code of Civil Procedure section 364 [relating to requirement of prior notice for actions based upon a health care provider's professional negligence].

AFFIRMATIVE DEFENSE NO. 21.:

Should any plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 22.:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 23.:

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

///
///

AFFIRMATIVE DEFENSE NO. 24.:

The causes of action therein are subject to the statutory limitation of Civil Code section 1431, et seq., relating to joint and several liability for economic and noneconomic damages.

AFFIRMATIVE DEFENSE NO. 25.:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation and Government Claims Board claim, if any there was, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 26:

Answering defendant L. Santiago, Jr., M.D., made the statement and did the acts and made the omissions alleged in the complaint, if at all, in the course of employment by the State of California and plaintiff failed to file a claim to the California Victim Compensation and Government Claims Board as required by Government Code section 950.2.

AFFIRMATIVE DEFENSE NO. 27:

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 28:

Answering defendant L. Santiago, Jr., M.D., is entitled to qualified immunity. Defendant(s) acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 29:

Plaintiff received benefit from collateral sources and evidence of said benefit is admissible herein pursuant to the provisions of Civil Code section 3333.l.

///

1  AFFIRMATIVE DEFENSE NO. 30:

2  No health care provider is liable for any occurrence or result that is solely caused by the
3  natural course of a disease or condition or that is the expected result of a reasonable treatment for
4  a disease or condition. (Civ. Code, § 1714.8.)

5  AFFIRMATIVE DEFENSE NO. 31:

6  Recovery for the alleged noneconomic losses herein is subject to the limitations of Civil
7  Code section 3333.2.

8  AFFIRMATIVE DEFENSE NO. 32:

9  There is no liability for any injury or damages, if any there were, resulting from any public
10 health decision or decision to prevent or control disease, or for any act done with due care in
11 carrying out such decision. (Gov. Code, § 855.4.)

12 ///
13 ///
14 ///

Case No. 07-CV-2340 J (WMc)

**WHEREFORE**, Defendant makes demand, pursuant to Rule 38 of the Federal Rules of Civil Procedure, that this matter be tried by and to a jury to the extent provided by law and pray that:

1. Judgment be rendered in favor of Defendant and against Plaintiff;
2. Plaintiff take nothing by the Complaint;
3. Defendant be awarded costs of suit incurred herein; and
4. Defendant be awarded such other and further relief as the Court may deem necessary and proper.

Dated: June 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

KRISTIN G. HOGUE
Supervising Deputy Attorney General


/s/ Karen M. Walter

KAREN M. WALTER
Deputy Attorney General
Attorneys for Defendant L. Santiago, Jr.

# CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:  **BRYAN E. RANSOM v. GRAY, et al.,**
**United States District Court - Southern District**

CaseNo.:  **07-CV-2340 J (WMc)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>June 23, 2008</u>, I served the following documents:

**ANSWER OF DEFENDANT SANTIAGO TO COMPLAINT AND REQUEST FOR JURY TRIAL**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Bryan Edwin Ransom
H-71641
High Desert State Prison
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

NONE

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

Bryan Edwin Ransom
H-71641
High Desert State Prison
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 23, 2008**, at San Diego, California.

| KAREN M. WALTER | /s/ Karen M. Walter |
|---|---|
| Declarant | Signature |