# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYAN E. RANSOM,<br><br>       vs.<br><br>GRAY, ET AL.,<br> | Plaintiff,<br><br><br><br>Defendant. | CASE NO. 07cv02340-IEG [WMC]<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [Doc. No. 33], PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE [Doc. 33-1], AND PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL [Doc. No. 31]** |

## I. INTRODUCTION

Plaintiff Bryan E. Ransom, an inmate proceeding *pro se* and *in forma pauperis*, has filed suit under 42 U.S.C. §1983. Plaintiff has filed a Motion for Appointment of Counsel [Doc. No. 31.]. Plaintiff has also filed a Motion to Compel Discovery [Doc. 33] and further responses to already propounded discovery. Included in Plaintiff's discovery motion is a Request for Judicial Notice. [Doc. No. 33-1]. Defendant has filed an opposition to Plaintiff's discovery motion. [Doc. 27].

## II. GOVERNING STANDARD

Rule 26 authorizes a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. PROC. 26(b)(1). However, the right to discovery must be limited when: 1) the information sought is unreasonably cumulative or can be obtained from a less burdensome source; 2) the party seeking discovery has had ample opportunity

to obtain it; or 3) the burden outweighs the value. FED. R. CIV. PROC. 26(b)(2)(C).

**III. DISCUSSION**

*A. Plaintiff's Motion to Compel as to Plaintiff's RFA Nos. 14 & 16*

Plaintiff argues further discovery must be compelled in response to Plaintiff's Request for Admissions Nos. 14 & 16. The Plaintiff's Requests and the Defendant's Responses are as follows:

> "Request for Admission No. 14:
> Please admit that the CDC 602, dated 12-9-96 and marked as Exhibit D is authentic.
> Response to Request for Admission No. 14:
> Unable to admit or deny. Defendant Santiago is informed and believes that Exhibit D is not part of Plaintiff's current prison records, and that prison officials at Donovan purge such records after ten years.
> ...
> Request for Admission No. 16:
> Please admit that Plaintiff's 8/12/06 CDC 602 claiming that he had been misdiagnosed with TB exposure was submitted prior to the 4/5/07 discovery of a negative T.B. skin test.
> Response to Request for Admission No. 16:
> Unable to admit or deny. Defendant Santiago is informed and believes that Exhibit E is not part of Plaintiff's current prison records, and that prison officials at Donovan purge such records after ten years."

[Doc. 33, Mot. to Compel at 13]

With regards to Request for Admission No. 14, Plaintiff argues further discovery must be compelled since the CDC 602 form bears a stamp showing it was received by the Calipatria State Prison Appeals Office for formal review on March 5, 1997. [Doc. 33; Mot. to Compel at 6]. Plaintiff asserts that when a CDC 602 is accepted for formal review, a copy of it is placed in the inmate's central file, which Defendant has in his possession. [Doc. 33; Mot. to Compel at 6-7]. Finally, Plaintiff asserts authentication of the document is necessary in order to present it as evidence of the medical staff's awareness of Plaintiff's negative reaction to the INH treatment. [Doc. 33; Mot. to Compel at 7].

Defendant notes the CDC 602 form in question does not bear a formal log number and, based on conversations with Appeals Coordinators, concludes the complaint was either resolved informally or not accepted for formal review. [Doc. 27; Opp. Mot. to Compel at 4]. Further, Defendant argues the form was likely purged from prison records pursuant to prison policy to purge records after ten years. [Doc. 27; Opp. Mot. to Compel at 4]. Defendant also asserts a review of Plaintiff's central file revealed the CDC 602 form in question was not recorded in that

file. [Doc. 27; Opp. Mot. to Compel at 4]. Consequently, Defendant asserts the response of "unable to admit or deny" was appropriate since Defendant is unable to conclusively verify the authenticity of the document.

In connection with Request for Admission No. 16, Plaintiff argues there is no reason why the particular CDC 602 form was purged. [Doc. 33; Mot. to Compel at 7-8]. Plaintiff argues since any prison record purging policy would be inapplicable to a CDC 602 form less than ten years old, and since authentication is necessary to present the form as evidence of the medical staff's awareness, further discovery must be compelled. [Doc. 33; Mot. to Compel at 8].

Defendant responds by asserting the CDC 602 was likely resolved at the informal level since it was not assigned a log number and the request for formal review section was not filled out. [Doc. 27; Opp. Mot. to Compel at 5]. Defendant asserts the particular form was not found in Plaintiff's central file. [Doc. 27; Opp. Mot. to Compel at 5]. Defendant also acknowledges the section of the response concerning the record purge policy was unnecessary and irrelevant to Defendant's actual response of "unable to admit or deny." [Doc. 27; Opp. Mot. to Compel at 5, fn.3]. However, Defendant asserts its inability to conclusively authenticate the document justifies an answer of "unable to admit or deny," since authentication of the document is necessary in order to determine whether the document was actually submitted. [Doc. 27; Opp. Mot. to Compel at 5].

"A party may serve on any other party a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: ... (B) the genuineness of any described documents." FED. R. CIV. PROC. 36(a)(1). If the answering party does not admit or deny the matter, that party must "state in detail why [he/she] cannot truthfully admit or deny it." FED. R. CIV. PROC. 36(a)(4).

Plaintiff has failed to provide grounds for compelling further responses from Defendant on both Requests for Admissions. Concerning the CDC 602 form referenced in Request for Admission No. 14, Plaintiff's contention is the form was stamped received by the appeals office and so must be contained in Plaintiff's central file. [Doc. 33; Mot. to Compel at 6]. Defendant's response of "unable to admit or deny" is appropriate since Defendant has provided specific grounds explaining the form "is not part of Plaintiff's current prison records, and that prison

1  officials at Donovan purge such records after ten years." [Doc. 27; Opp. Mot. to Compel at 3].
2  Defendant notes the particular CDC 602 was not located during a personal review of Plaintiff's
3  entire central file. [Doc. 27; Decl. Hagan in Support Opp. Mot. to Compel at 4].   Defendant's
4  opposition papers further explain Defendant's informed belief that the CDC 602 was either
5  "resolved informally or screened out and not accepted for formal review since there is no log
6  number assigned." [Doc. 27; Opp. Mot. to Compel at 4].  This belief was based on conversations
7  held with CDCR officials who reviewed the CDC 602 form in question. [Doc. 27; Decl. Hagan in
8  Support Opp. Mot. to Compel at 4].  Defendant also notes the CDC form was likely purged since it
9  is over twelve years old and prison policy is to purge records over tens years old. [Doc. 27; Opp.
10 Mot. to Compel at 4].  Consequently, Defendant has stated in detail why he cannot truthfully admit
11 or deny the matter and Defendant's response was appropriate.

12        Defendant's response to Request for Admission No. 16 is also appropriate.  Plaintiff's sole
13 contention is the CDC 602 form here would not have been purged and so must be contained in
14 Plaintiff's central file. [Doc. 33; Mot. to Compel at 7-8].  However, Defendant concedes the form
15 would not have been purged. [Doc. 27; Opp. Mot. to Compel at 5, fn.3].  Defendant further
16 explains the CDC 602 form was probably informally resolved since the form "has no log number
17 and section 'D' regarding formal review is not filled out." [Doc. 27; Opp. Mot. to Compel at 5].
18 Consequently, Defendant also notes "neither of the appeals coordinators at Richard J. Donovan or
19 Corcoran could authenticate the genuineness of this particular CDC form 602 since there is no
20 record of the same on the Inmate Appeals Tracking system nor is this particular CDC form 602
21 contained within plaintiff's [central file]." [Doc. 27; Opp. Mot. to Compel at 5].  Consequently,
22 Defendant has stated in detail why he cannot truthfully admit or deny the matter and Defendant's
23 response was appropriate.

24 ***B. Plaintiff's Motion to Compel as to Plaintiff's RFP Nos. 1-4 & No. 2 (Set 2)***

25        Plaintiff argues further discovery must be compelled in response to Plaintiff's Request for
26 Production Nos. 1-4 & No. 2 (Set 2).  Plaintiff's Requests and Defendant's Responses are as
27 follows:

28        "<u>Request for Production No. 1:</u>
          Please produce the medical data on the time tables of how long it takes for chronic

use of INH to develop stages 1, 2, and 3 Fibrosis.
<u>Request for Production No. 2:</u>
Please produce the medical data on the time lines of how long it takes for Hep-C to develop stages 1, 2, and 3 Fibrosis.
<u>Request for Production No. 3:</u>
Please produce the medical data on all the variables involved in determining and/or approximately how long a person has had Hep-C.
<u>Request for Production No. 4:</u>
Please produce the medical data on whether INH induced Fibrosis can be distinguished from Hep-C induced Fibrosis, and if so, how.
<u>Response to Requests for Production Nos. 1-4:</u>
Objection. The discovery is obtainable from some other source that is more convenient, less burdensome or less expensive; and the party seeking discovery has had ample opportunity in the action to obtain the information sought. FED.R.CIV.P. 26(b)(2). This request for production also requests expert discovery which can only be obtained through deposition and by paying reasonable fees to the expert. FED.R.CIV.P. 34(a) [requests for production limited to parties]; FED.R.CIV.P. 26(b)(4)(A) [expert discovery is through deposition]; and FED.R.CIV.P. 26(b)(4)(C) [party must pay fees related to expert deposition]. To comply with this request for production, Defendant Santiago, who is now retired, would be required to perform medical research or produce medical data that is equally available to plaintiff through his own medical research or expert. Moreover, to the extent that this information seeks discovery from an expert it is improper for the reasons stated herein. Based on the aforementioned objections, Defendant Santiago will not be complying with this request for production.
...
<u>Request for Production No. 2 (Set 2):</u>
Please produce the name and last known business address of the medical staff member who gave the reading of plaintiff's 9/30/96 PPD test as positive.
<u>Response to Request for Production No. 2:</u>
Objection. This request for production is phrased as an interrogatory and thus is improper. The party seeking discovery has had ample opportunity in the action to obtain the information sought. FED.R.CIV.P. 26(b)(2). The discovery is obtainable from some other source that is more convenient, less burdensome or less expensive. FED.R.CIV.P. 26(b)(20. This request is unduly burdensome and oppressive in that it asks defendant to identify a medical staff member from a chart note from 1996. [¶] Without waiving said objections, Defendant Santiago replies he does not know the name and the last known business address of the initial medical staff member who gave the reading of plaintiff's 9/30/96 PPD test as positive. Defendant Santiago replies, on information and belief, that the reading was verified by Dr. Gray, now deceased. Dr. Gray's last known business address was R.J. Donovan Correctional Facility, 480 Alta

Road, San Diego, California, 92179."

[Doc. 27, Opp. Mot. to Compel at 6-8].

In connection with Requests for Production Nos. 1-4, Plaintiff asserts Defendant is under an obligation to produce the requested medical data since Defendant has caused Plaintiff's Fibrosis by continuing the INH treatment. [Doc. 33; Mot. to Compel at 9]. Plaintiff further asserts the production is necessary in order for Plaintiff to refute defense expert's testimony. [Doc. 33; Mot. to Compel at 9].

1        Defendant asserts Requests for Production Nos. 1-4 is improper since Plaintiff is
2   attempting to have Defendant's retained expert do Plaintiff's work. [Doc. 27; Opp. Mot. to Compel
3   at 7]. Defendant relies upon the Federal Rules of Civil Procedure, Rules 34 & 26 to argue
4   Plaintiff's Requests for Production are objectionable. [Doc. 27; Opp. Mot. to Compel at 7].

5        In connection with Request for Production No. 2 (Set 2), Plaintiff asserts a further response
6   is necessary in order to properly identify and serve the individual who gave the PPD reading as
7   positive. [Doc. 33; Mot. to Compel at 10]. Plaintiff further notes that compelling a response is
8   appropriate since Defendant did not specify what attempts have been made to identify the
9   individual. [Doc. 33; Mot. to Compel at 9-10].

10       Defendant asserts Request for Production No. 2 (Set 2), is objectionable since it is actually
11  an interrogatory improperly categorized as a request for production. [Doc. 27; Mot. to Compel at
12  8]. Furthermore, Defendant objects as the request is unduly burdensome on Defendant; Plaintiff is
13  seeking to identify a particular medical staff member when the fact that the PPD test was read as
14  positive is undisputed by the parties. [Doc. 27; Mot. to Compel at 7].

15       A party may request the production of document which is in the responding parties'
16  possession, custody or control. FED. R. CIV. P. 34(a). However, the party's right to do so is limited
17  by the scope of discovery set forth in Rule 26(b). FED. R. CIV. P. 34(a). Although a party is
18  entitled to discovery as to any non-privileged matter, discovery may be limited if the court finds
19  either: 1) the requested documents may be obtained from another source which is more
20  convenient; 2) the party has had an ample opportunity to obtain the information; or 3) the burden
21  outweighs the need in light of the circumstances of the case. FED. R. CIV. P. 26(b)(2)(C). When an
22  expert has been retained as a testifying witness, the party's discovery must be conducted through
23  deposition following the production of the expert's report. FED. R. CIV. P. 26(b)(4)(A).

24       Defendant's objection to Plaintiff's Requests for Production Nos. 1-4 was proper. Plaintiff
25  sought production of the requested medical data for the sole purpose of attacking Defendant's
26  expert witness' conclusions. [Doc. 33; Mot. to Compel at 9]. However, Plaintiff has already been
27  provided with the defense expert's report pursuant to FED. R. CIV. P. 26(b)(4)(A), 26 (a)(2)(D), &
28  26(e)(2). [See Doc. 27; Req. Judicial Notice in Supp. Mot. to Compel, Exhibit A]. This report

1  would include "all data or other information considered by the witness" in reaching his/her
2  conclusion. FED. R. CIV. P. 26(a)(2)(B)(ii).  If Plaintiff sought more information from the expert
3  witness, Plaintiff, in accordance with Rule 26(b)(4)(A), would have to depose the witness.
4  Alternatively, Plaintiff may discover the information through his own research from another
5  source which is more convenient and less costly. FED. R. CIV. P. 26 (b)(2)(C).  Defendant's
6  objection was proper as Plaintiff sought production of documents which exceeded the scope of
7  allowable discovery.

8      Defendant's objection to Plaintiff's Request for Production No. 2 (Set 2) is also
9  appropriate.  Plaintiff sought identification of the medical staff member who read Plaintiff's 1996
10 PPD test as positive for the sole purpose of including this individual in the suit and effecting
11 service of process. [Doc. 27; Mot. to Compel at 9-10].  However, Plaintiff fails to explain why
12 inclusion of this individual, who would merely affirm an undisputed fact (the PPD test was read as
13 positive), would be of any value.

14     Ordinarily, Defendants have an obligation to identify its employee who made the subject
15 entry.  However, it is an undisputed fact that the test was positive.  Plaintiff has given no
16 compelling reason to identify the reader of Plaintiff's 1996 PPD.  Thus, Plaintiff's need for the
17 information is outweighed by the unnecessary burden on Defendants to determine the subject
18 individual. The Court finds Defendant's objection was proper. FED. R. CIV. P. 26(b)(2)(C).

19 ***D. Plaintiff's Motion for Judicial Notice***

20     Plaintiff requests the Court take judicial notice "that Defendant Santiago's expert witness's
21 (sic) testimony will imply that Plaintiff's stage 3 Fibrosis is a result of Hep-C and not INH
22 treatment." [Doc. No. 33. pg.2.]

23     Judicial Notice is governed by Federal Rule of Evidence 201 which concerns judicial
24 notice of adjudicative facts.  "A judicially noticed fact must be one not subject to reasonable
25 dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or
26 (2) capable of accurate and ready determination by resort to sources whose accuracy cannot
27 reasonably be questioned." FRE 201.  In other words, "the fact must be one that only an
28 unreasonable person would insist on disputing." United States v.  Jones, 29 F.3d 1549, 1553 (11th

Cir. 1994).

Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case. See Wyatt v. Terhune, 315 F.3d 1108, 1114 & n.5 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 698 (9th Cir. 2001). Nor may the court take judicial notice of any matter that is in dispute. Lee, 250 F.3d at 689-90.

Plaintiff has submitted what appears to be a document entitled "Opinions and Data." The content of the document presents information exactly on point with the claims presented in Plaintiff's complaint and disputed by Defendants. Therefore, Plaintiff's request for judicial notice is **DENIED**.

### E. *Plaintiff's Request for Appointment of Counsel*

Plaintiff has also submitted a motion in which he requests the Court appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1). [Doc. 31; Mot. Appt. Counsel].

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears Plaintiff has a sufficient grasp of his case, the legal issues involved, and is

able to adequately articulate the basis of his claims. In fact, Plaintiff's pro se pleading has survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and the Court's docket reflects that Plaintiff has effected service.

Accordingly, the Court finds Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1).

**IV. CONCLUSION**

For the foregoing reasons, it is hereby ordered that Plaintiff's motion to compel discovery, motion for judicial notice and motion for appointment of counsel are **DENIED**.

IT IS SO ORDERED.

DATED: December 21, 2009

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court